UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEW LONDON EAGLE LLC,** | **CIVIL ACTION** |
| **Plaintiff,** | **NO:** _____ |
| vs. | **SECTION "\_\_"** <br> **Honorable** _____ |
| **MEDMAR INC.,** | |
| **Defendant.** | **MAGISTRATE (\_)** <br> **Honorable** _____ |

## **VERIFIED COMPLAINT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COMES** Plaintiff, New London Eagle LLC, through undersigned counsel, and for its Complaint against Defendant, Medmar Inc., alleges and pleads as follows:

## **JURISDICTION AND VENUE**

1.

This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has admiralty jurisdiction under Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333. The matter is instituted in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") and Section 8 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. in order to obtain security and jurisdiction.

1

2.

Venue is proper in the Court in accordance with the provisions of Rule B, as Defendants have, upon information and belief, property in this judicial District in the form of the bunkers aboard Defendant's time chartered vessel, the M/V MAMMA MIA (IMO No. 9846548), which currently is, or during the pendency of this civil action, will be lying afloat in the Mississippi River within the jurisdiction of the Honorable Court.

## PARTIES

3.

At all material times, Plaintiff was and is a limited liability company organized and existing under the laws of the Marshall Islands, and was and is the registered owner of the M/V NEW LONDON EAGLE, an oceangoing bulk carrier bearing IMO No. 9754991.

4.

At all material times, Defendant was and now is a corporation or other business existing under the laws of Turks and Caicos or some other foreign country, having no office or place of business within this judicial district. Upon information and belief, Defendant is in the business of, among other things, chartering vessels.

## OPERATIVE FACTS

5.

On or about June 10, 2019, the parties entered into a time charter party whereby Defendant chartered the bulk carrier M/V NEW LONDON EAGLE from Plaintiff for a period estimated at that time to last between 50 to 55 days at a charter hire rate of $19,500 per day pro rata payable every 15 days in advance (the "Charter"). A copy of the Charter, which sets forth the parties' obligations in full, is attached hereto as Exhibit 1.

6.

The Charter required Defendant to give Plaintiff advance notice of 5/4/3/2/1 days when the vessel was to be redelivered.  *See* Exhibit 1, Cl. 10.  On August 13, 2019, Defendant provided notice to Plaintiff through the shipbroker that it expected to redeliver the vessel at Shanghai on or about August 17, 2019.  *See* Exhibit 2.

7.

That same day, Plaintiff in turn sent an invoice for prepaid hire to Defendant covering the anticipated remaining period of the Charter, payment being due on August 14, 2019.  *See id*.

8.

On August 14, 2019, Defendant responded to the hire invoice, indicating that, "[i]n view of vessel's imminent redelivery, and in order to avoid multiple transactions, [Defendant] intend[s] to proceed with settlement of [the pro forma hire statement] immediately after vessel's redelivery," and thanked Plaintiff in advance for the latter's cooperation.  *See* Exhibit 3.

9.

The vessel ultimately was redelivered in Shanghai on August 18, 2019, with Defendant's representative thanking Plaintiff for "services offered through our [sic] this smooth t/c [*i.e.*, time charter] period with your vessel and ops team."  *See* Exhibit 4.

10.

In the weeks that followed, Plaintiff sent its final hire statement to Defendant showing a balance due to Plaintiff under the subject Charter of $131,434.02, but despite Defendant's earlier promise to settle the entire account "immediately after the vessel's redelivery," Defendant not only refused to pay what was owed, but Defendant refused to respond to any of Plaintiff's correspondence concerning the outstanding balance.  *See* Exhibits 5, 6, 7, 8 and 9.

11.

On September 5, 2019, Defendant finally responded to Plaintiff, acknowledging the amount "currently outstanding" under the Charter was $131,434.02, but stating that due to external reasons of no concern to Plaintiff, Defendant would only be able to pay the undisputed amount on September 23, 2019.  *See* Exhibit 10.

12.

Plaintiff immediately responded that this request to delay the admittedly overdue payment until September 23, 2019 was unacceptable, and demanded payment forthwith.  *See id*.

13.

On September 9, 2019, Defendant apologized to Plaintiff "for the inconvenience caused" by the failure to pay the undisputed balance owed pursuant to the Charter, but again stated that it would not be paid until September 23, 2019.  *See* Exhibit 11.

14.

To date, Defendant has refused to pay the overdue sums undisputedly owed to Plaintiff under the subject Charter.

**FIRST CAUSE OF ACTION: BREACH OF MARITIME CONTRACT**

15.

Plaintiff repeats and re-alleges paragraphs 1 through 14 set out hereinabove as though the same were more thoroughly set forth at length herein.

16.

Although Plaintiff fulfilled its obligations under the subject Charter, Defendant has refused to pay the sums due and owing thereunder as set forth in the overdue Final Hire Statement attached at Exhibit 6 hereto.  Defendant's refusal to pay the sums owed as set forth in Plaintiff's Final Hire

Statement constitutes a breach of the terms of the M/V NEW LONDON EAGLE Charter for which Defendant is liable.

17.

The principal amount owed to Plaintiff by Defendant for breach of these maritime contracts is $131,434.02, plus interest, costs and attorney's fees currently estimated to be $35,000 which will be awarded under applicable English law (as discussed below).

## ARBITRATION

18.

Plaintiff repeats and re-alleges paragraphs 1 through 17 set out hereinabove as though the same were more thoroughly set forth at length herein.

19.

Pursuant to the subject Charter, any disputes arising thereunder must be resolved in London arbitration under English law.  *See* Exhibit 1, Cl. 45(b).

20.

In accordance with 9 U.S.C. § 8, Plaintiff is entitled to obtain security for its claims described herein totaling an amount no less than **$166,434.02** by way of a maritime attachment as more fully set forth below pursuant to Rule B.  Plaintiff reserves the right to arbitrate the merits of the dispute.

## SUPPLEMENTAL RULE B RELIEF

21.

Plaintiff repeats and re-alleges paragraphs 1 through 20 set out hereinabove as though the same were more thoroughly set forth at length herein.


22.

The M/V NEW LONDON EAGLE Charter between the parties is a maritime contract, the breach of which by Defendant gives rise to a maritime claim for which Plaintiff seeks security.

23.

Plaintiff also seeks jurisdiction over the Defendant, who cannot be found within this District and is believed to have assets in this jurisdiction, namely the bunkers aboard its time chartered vessel, the M/V MAMMA MIA (IMO No. 9846548), which currently is, or during the pendency of this civil action, will be lying afloat in the Mississippi River within the jurisdiction of the Honorable Court, pursuant to a Writ of Foreign Attachment to be issued attaching the bunkers aboard the vessel, requiring Defendant to answer the allegations detailed above and to provide security for Plaintiff's claims, all in accordance with Rule B and Local Admiralty Rule 4.1(A).

24.

All and singular, the matters alleged herein are true and correct.  Plaintiff reserves the right to amend and supplement this Verified Complaint as further facts become available.

**WHEREFORE**, Plaintiff prays that:

1. Its Verified Complaint be deemed good and sufficient;

2. Because Defendant cannot be found within this District, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B, attaching all of Defendant's tangible or intangible property in this District or any other funds in this District which are due and owing or otherwise the property of the Defendant, including the bunkers aboard Defendant's time chartered vessel, the M/V MAMMA MIA, up to the principal

       amount of $166,434.02 to secure Plaintiff's claims, as best as can be presently ascertained, together with interest, costs and attorney's fees, all other costs of this action, including Marshal's fees and expenses;

3. Defendant's tangible and intangible property in this District, including the bunkers owned by Defendant aboard the M/V MAMMA MIA, be attached forthwith pursuant to Rule B pursuant to a writ of foreign attachment in the principal amount of $166,434.02, as best as can be presently ascertained;

4. Pursuant to the Federal Arbitration Act, Defendant be ordered to arbitrate in accordance with the terms of the underlying maritime contract, with this Honorable Court retaining jurisdiction pending the outcome thereof;

5. This Honorable Court enter a judgment in favor of Plaintiff and against Defendant for the total amount of Plaintiff's damages and that the property attached as security for Plaintiff's claims herein be condemned and sold for the aforesaid amount, together with interest, costs and attorney's fees, all other costs of this action, including Marshal's fees and expenses;

6. Plaintiff have such other and further relief as the law and justice may require; and

7. Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshals Service, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the vessel's bunkers.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ T. Patrick O'Leary*
**PATRICK J. McSHANE (#19055)**
**T. PATRICK O'LEARY(#30655)**
**KOSTAS A. SMITH (#38408)**
1100 Poydras Street, Suite 3700
New Orleans, LA   70163-3700
Telephone:  504-599-8000
Facsimile:  504-599-8100
pmcshane@frilot.com
poleary@frilot.com
ksmith@frilot.com
*Attorneys for Plaintiff, New London Eagle LLC*